IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                    No. CIV S-08-1300 FCD GGH

vs.

KUM CHA KIM, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for entry of default judgment against Defendant Kum Cha Kim, filed February 12, 2009, was submitted without a hearing. Defendant filed no opposition. Upon review of the motion and supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On June 10, 2008, plaintiff filed the underlying complaint in this action against defendant Kum Cha Kim,[1] who operates the business, "Paradise Cleaners," at 8104 Auburn Blvd., Citrus Heights, California. See Complaint, at pp. 2-3; Business License, attached as exhibit to Complaint. Plaintiff alleges he visited the business in December, 2007, but encountered architectural barriers in the form of a "lack of a van accessible disabled parking

---

[1] Co-defendant NcNeil was dismissed from the case on February 3, 2009.

1

space (no disabled parking exists at all), accessible route, accessible entrance, accessibility signage and striping." Complaint, at p. 3. He asserts that these defects constitute violations of the Americans With Disabilities Act and state law. Id. at 4-5. The summons and complaint were personally served on Kum Cha Kim on June 25, 2008. Fed. R. Civ. P. 4(e)(2). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has failed to file an answer or otherwise defend in this action. On November 7, 2008, the clerk entered default against defendant Kum Cha Kim.

The instant motion for default judgment and supporting papers were served on defendant. Plaintiff seeks an entry of default judgment in the amount of $12,000 pursuant to California Civil Code section 52(a).[2]

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

/////

---

[2] Cal.Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6."

2

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiffs' motion for entry of default judgment be GRANTED as to Kum Cha Kim in the amount of $12,000; and

2. Injunctive relief be granted against defendant Kum Cha Kim requiring a properly configured van accessible disabled parking space with an accessible route to an accessible main entrance to the business known as Paradise Cleaners located at 8104 Auburn Blvd., Citrus Heights, California, in conformity with the Americans with Disabilities Act Accessibility Guidelines (ADAAG) as set forth in 28 Code of Federal Regulations, Part 36.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/14/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Johnson1300.def.wpd